[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12097

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KARL T. WALDON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:00-cr-00436-BJD-JBT-1

_____

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Karl T. Waldon, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion to reduce his sentence or grant him compassionate release under §§ 404 and 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194. *See* 18 U.S.C. §§ 3582(c)(1)(B), 3582(c)(1)(A). Because Mr. Waldon's drug convictions were grouped together, and he was sentenced under 21 U.S.C. § 841(b)(1)(C)—an offense not expressly changed by the Fair Sentencing Act—he is not eligible for a sentence reduction under § 404 of the First Step Act. *See Terry v. United States*, 141 S. Ct. 1858, 1863–64 (2021). Mr. Waldon's request for compassionate release likewise fails. First, Mr. Waldon did not exhaust his administrative remedies. Second, he does not dispute the district court's finding that the 18 U.S.C. § 3553(a) factors do not warrant his release. *See United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). Accordingly, we affirm.[1]

I

In 2000, a grand jury indicted Mr. Waldon—then a Jacksonville deputy sheriff—on multiple counts of drug trafficking, deprivation of rights under color of law, witness tampering, obstruction

---

[1] We assume the parties' familiarity with the facts and procedural history and set out only what is necessary to explain our decision. As to issues not discussed, we summarily affirm.

of justice, and murder. A jury found Mr. Waldon guilty of all charges except for one narcotics count, and the district court sentenced him to life in prison. As to the drug trafficking counts, it is relevant to note that Mr. Waldon was sentenced under the penalty provisions of 21 U.S.C. § 841(b)(1)(C).

In 2019, Mr. Waldon, proceeding *pro se*, filed a motion arguing that extraordinary and compelling circumstances supported his release from confinement and that the 18 U.S.C. § 3553(a) factors supported his request. The district court properly construed Mr. Waldon's motion as a motion for compassionate release or reduction in sentence under § 603 of the First Step Act and 18 U.S.C. § 3582(c)(1)(A) and ordered the government to respond. *See United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990) (holding that courts are obligated to "look behind the label" of *pro se* inmate filings to determine whether they are cognizable under another remedial statutory framework).

After briefing from the government, the district court denied Mr. Waldon's motion, finding that he had not exhausted his administrative remedies nor demonstrated any extraordinary and compelling reasons warranting release, and that the § 3553(a) factors did not support his release. The district court further ruled that Mr. Waldon was not eligible for a sentence reduction under § 404 of the First Step Act because he had not been convicted of a crack cocaine offense under 21 U.S.C §§ 841(b)(1)(A)(iii) or (b)(1)(B)(iii).

On appeal, Mr. Waldon, still proceeding *pro se*, argues that he was eligible for a sentence reduction under § 404 of the First Step Act, that he exhausted his administrative remedies with respect to his request for compassionate release, and that he presented extraordinary and compelling reasons warranting his release. Significantly, he does not dispute the district court's finding that the § 3553(a) factors did not warrant compassionate release.

## II

We review *de novo* a district court's determination of a defendant's eligibility for a sentence reduction under § 404 of the First Step Act and 18 U.S.C. § 3582(c)(1)(B). *See United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). We review for abuse of discretion a district court's denial of a prisoner's motion for compassionate release under § 603 of the Act and 18 U.S.C. § 3582(c)(1)(A). *See id*.

## A

In 2018, Congress enacted the First Step Act, which made the changes to statutory penalties for covered offenses provided under the Fair Sentencing Act retroactive. *See* First Step Act § 404. In *United States v. Jones*, we held that a movant was convicted of a "covered offense" if he was convicted of a crack offense that triggered the penalties in 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii). 962 F.3d 1290, 1301 (11th Cir. 2020). Recently, the Supreme Court further clarified that the Fair Sentencing Act did not modify the statutory penalties for subparagraph (C) offenses. *Terry* 141 S. Ct. at

1863–64. As such, a person convicted under § 841(b)(1)(C) is not eligible for a sentence reduction under the First Step Act for that crime. *See id.* at 1862–63.

Mr. Waldon was convicted and sentenced under § 841(b)(1)(C)—not § 841(b)(1)(A)(iii) or (B)(iii). As such, the district court did not err in holding that he is ineligible for a sentence reduction under the First Step Act. Simply stated, Mr. Waldon was not sentenced for a covered offense. *See* First Step Act § 404; *Terry*, 141 S. Ct. at 1862–64.

## B

A district court may not grant compassionate release unless it makes three findings: that (1) there are "extraordinary and compelling reasons" to do so; (2) any sentence reduction is consistent with § 1B1.13; and (3) the § 3553(a) factors weigh in favor of compassionate release. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). A prisoner seeking compassionate release is also required to exhaust his administrative remedies before requesting relief from the district court. 18 U.S.C. § 3582(c)(1)(A); *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).[2]

Mr. Waldon's brief is completely silent as to the district court's determination that the § 3553(a) factors do not weigh in favor of his release. And though we construe *pro se* briefs liberally,

---

[2] The failure to exhaust administrative remedies, however, is not jurisdictional. *See Harris*, 989 F.3d at 911.

issues not briefed on appeal by a *pro se* litigant are deemed abandoned. *See Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008). Where an appellant completely fails to properly challenge one of the grounds on which the district court based its judgment, "he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

Even if we were to assume that Mr. Waldon exhausted his administrative remedies, that there are extraordinary and compelling reasons for his release, and that a sentence reduction would be consistent with § 1B1.13, his failure to dispute the district court's finding that the § 3553(a) factors do not weigh in favor of compassionate release is fatal to his claim. Because he fails to properly challenge the district court's denial of his motion for compassionate release, it must be affirmed. *See id.* at 680.

## III

In sum, the district court did not err in denying Mr. Waldon's motion to modify his sentence because he was not sentenced for an offense covered by the First Step Act. And because his brief does not properly challenge the district court's denial of his motion for compassionate release, that denial must be affirmed.[3]

**AFFIRMED**

---

[3] We deny as moot the government's motion for summary affirmance and to stay the briefing schedule.